UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:20-cv-01279-MPS |
| MATTHEW O. CLASON, | ) ) ) |
| Defendant. | ) ) ) |

**TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, AND ORDER FOR OTHER EQUITABLE RELIEF AS TO DEFENDANT MATTHEW O. CLASON**

On September 1, 2020, Plaintiff, the United States Securities and Exchange Commission (the "Commission"), filed an emergency motion for an order: (1) enjoining Defendant Matthew O. Clason from violating the federal securities laws; (2) requiring an accounting of the assets and liabilities of the Defendant, all monies directly or indirectly received from advisory clients, and all uses of advisory client funds; (3) freezing Defendant's funds and other assets; (4) providing for expedited discovery; and (5) prohibiting the destruction or alteration of documents.

The Court has considered the Commission's motion, all materials filed in support and opposition thereof, and the record and file herein, including without limitation (a) the Complaint in this action, (b) Plaintiff's Memorandum of Law in Support of Its Motion for a Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief, and (c) the Declaration of Paul A. D'Amico with attached exhibits. Based on the record and file herein, the Court finds as follows:

1. This Court has jurisdiction over the subject matter of this action and over the Defendant.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein by establishing a *prima facie* case for each of the violations of the federal securities laws alleged in the Complaint and a substantial likelihood that the Commission will prevail on the merits, and that Defendant, directly or indirectly, has engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1), (2)].

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendant will dissipate, conceal, or transfer from the jurisdiction of this Court assets of other persons or assets that could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action. There is good cause to believe that such assets may not be recoverable and that their loss may inflict irreparable harm on one or more vulnerable persons. Accordingly, an order freezing Defendant's assets, as specified herein, is necessary to preserve the *status quo*, and to protect this Court's ability to award civil penalties and equitable relief in the form of disgorgement of illegal profits should the Commission ultimately prevail on the merits.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendant may alter or destroy documents relevant to this action, which conduct would likely also cause irreparable harm.

5. There is good cause to believe that expedited discovery is warranted.

NOW, THEREFORE, IT IS HEREBY:

**I.**

**ORDERED** that the Commission shall, within **two days** of this order, file a declaration describing the means by which it gave "notice" of this action and the Emergency Motion for A Temporary Restraining Order to the Defendant, as referred to in that motion. (ECF No. 2 at 1.)

**II.**

**ORDERED** that the Defendant and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service, except that the Defendant shall be served in the manner specified below) are temporarily restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b- 6(1), (2)] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud any client or prospective client; or

    B.    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**III.**

**ORDERED** that Defendant shall submit in writing and serve upon the Commission, within **seven days** following service of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), an accounting identifying:

    A.    from December 2018 to the present, all transfers or payments of any funds

or other assets to him, or to any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, from any advisory clients, including without limitation transfers or withdrawals from any financial account held in the name or for the benefit of any of the Defendant's current or former advisory clients, in connection with the activities described in the Complaint—the identification shall include the date and amount of each transfer or payment, the name and address of the advisory client, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution of the person or entity making and the person or entity receiving the transfer or payment;

  B. in detail, the precise disposition of each transfer or payment identified in response to paragraph A above and all assets derived therefrom, including but not limited to:

    1. the nature and results of any investment in which the funds were used;

    2. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

    3. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

  C. the location of the funds or other assets involved in any transfer or payment identified in response to paragraph A above that are currently in Defendant's

possession or held by any person or entity for Defendant's direct or indirect benefit, subject to Defendant's direct or indirect control, over which Defendant exercises actual or apparent authority, or in which Defendant has a direct or indirect beneficial interest— the identification shall include the name and address of each person or entity holding such funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently held;

      D.     assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendant, whether in the United States or elsewhere, if such assets were acquired from December 2018 to the present; and

      E.     all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of the Defendant, or in which the Defendant has or had any direct or indirect beneficial interest, at any time from December 1, 2018, to the present.

## IV.

      **ORDERED** that:

      A.     The Defendant and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service, except that the Defendant shall be served in the manner specified below) are temporarily restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making charges on a credit card or drawing on another credit

arrangement), any funds and other assets in their possession (outside of ordinary living expenses, which expenses shall be reasonable and shall be documented), or held by any person or entity for their benefit, subject to their control, over which they exercise actual or apparent authority, or in which they have a beneficial interest, in whatever form such funds and other assets may presently exist and wherever located.

      B.      All banks, brokerage firms, and other financial institutions and other persons or entities that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) holding any funds or other assets in the name the Defendant, or in the name of any person or entity for his benefit, subject to his control, over which he exercises actual or apparent authority, or in which he has a beneficial interest, in whatever form such funds or other assets may presently exist and wherever located, shall continue to hold and retain such funds or other assets within their control and shall prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets (including, but not limited to, charges on a credit card or draws on another credit arrangement); and all such funds or other assets are hereby frozen. Plaintiff shall file on the docket proof of service of each bank, brokerage firm, or other financial institution served under this paragraph within **two business days** of such service.

      C.      The above Paragraphs IV.A and IV.B shall immediately cease to apply to any asset located within the United States (including any account at any bank, brokerage firm, or other financial institution) that becomes subject to any later order entered by any federal court as a result of proceedings that may be filed by the United States or any department or agency of the United States.

      D.      No person or entity, including the Defendant or any creditor or claimant

against the Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek relief from this order by making an appropriate application to this Court.

V.

**ORDERED** that the Defendant and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service, except that the Defendant shall be served in the manner specified below) is hereby prohibited from soliciting, accepting, or depositing any monies obtained from current, prospective, or former advisory clients pending the resolution of this action, and shall not open new accounts at any bank, brokerage firm, or other financial institution.

VI.

**ORDERED** that:

A. The Defendant and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service, except that the Defendant shall be served in the manner specified below) are enjoined from exercising any authority or control over any customer or client accounts.

B. All banks, brokerage and other financial institutions, and other persons or entities which receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), holding any assets of the Defendant's current

or former advisory clients or customers shall prohibit Defendant from exercising any authority or control over any brokerage, investment, or bank accounts for which the Defendant is listed as joint account holder, broker, investment adviser, or investment manager. This order shall not have any effect on the ownership, management or control of these accounts by the persons who own them.

## VII.

**ORDERED** that the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on **seven days'** notice of any such deposition. Depositions may be taken Monday through Saturday and may be taken telephonically. As to the Defendant, the Commission may depose such witness after serving a deposition notice by any two of the following means: facsimile, e-mail, mail, hand or overnight courier upon him, and without serving a subpoena. The Commissioner shall file on the docket proof of such service within **two business days** of making such service.  Depositions that have not been signed by the witness may be used for purposes of the hearing on the Commission's motion for a preliminary injunction;

B.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendant shall answer the Commission's interrogatories within **seven days** of service of such interrogatories. Interrogatories may be served by any two of the following means: facsimile, e-mail, mail, hand or overnight courier upon the Defendant or his counsel.  The Commissioner shall file on the docket proof of such service within **two business days** of

making such service;

   C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendant shall produce all documents requested by the Commission within **seven days** of service of such request, with production of the documents made to the U.S. Securities and Exchange Commission, Boston Regional Office, 33 Arch St., 24th Floor, Boston, Massachusetts 02110, to the attention of Alfred A. Day and Susan Cooke Anderson, or by such other means or to such other person or place as counsel for the Commission may direct in writing. Requests for production may be served by any two of the following means: facsimile, e-mail, mail, hand or overnight courier upon the Defendant or his counsel. The Commissioner shall file on the docket proof of such service within **two business days** of making such service;

   D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendant shall respond to the Commission's requests for admissions within **seven days** of such requests. Requests for admission may be served by any two of the following means: facsimile, e-mail, mail, hand or overnight courier upon the Defendant or his counsel. The Commissioner shall file on the docket proof of such service within **two business days** of making such service; and

   E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the U.S. Securities and Exchange Commission, Boston Regional Office, 33 Arch St., 24th Floor, Boston, Massachusetts 02110, to the attention of Alfred A. Day and Susan Cooke Anderson, or by such other means or to such other person or place as counsel for the Commission may direct in writing; and

   F. In connection with any discovery from any non-party, deposition or

document discovery may be had within **fifteen days** of service of a subpoena upon entities with offices within the District of Connecticut pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

G. Upon application by the Defendant, and for good cause shown, the Court will allow the Defendant to take similarly expedited discovery.

## VIII.

**ORDERED** that the Defendant and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service, except that the Defendant shall be served in the manner specified below) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property relating to the activities described in the Complaint. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## IX.

**ORDERED** that service of this Order, and the Summons, Complaint (ECF No.1), and Motion for Temporary Restraining Order and associated filings (ECF Nos. 2, 2-1 to

2-8) shall be made personally, or by any two of the following means: facsimile, mail, e-mail, delivery by commercial courier, by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure. The Commission shall file proof of service of this Order, and the Summons, Complaint (ECF No.1), and Motion for Temporary Restraining Order and associated filings (ECF Nos. 2, 2-1 to 2-8) by **Friday, September 4, 2020 at 12:00 p.m.**

### X.

**ORDERED** that the Court will hold a telephonic status conference on **Tuesday, September 8, 2020 at 2:00 p.m.**, at which the Defendant and the Commission shall appear, to determine whether this order should be extended. *See* Fed. R. Civ. P. 65(b)(2). If the Defendant has not appeared in this case by **Monday, September 7, 2020 at 12:00 p.m.**, he shall **telephone chambers at (860) 240-3136** to obtain the dial-in information for the September 8, 2020 telephonic status conference. Otherwise, the Court will distribute dial-in information to the parties on or before September 8, 2020.

### XI.

The Court will hold a hearing on the motion for preliminary injunction on **October 8, 2020 at 10:00 a.m.**, at which the Defendant shall SHOW CAUSE as to why this Court should not enter a Preliminary Injunction and order preliminary relief against Defendant

pursuant to Rule 65 of the Federal Rules of Civil Procedure and extend the temporary relief granted in this Order until a final adjudication on the merits may be had.

**IT IS SO ORDERED**, this 2nd day of September 2020, at 11:00 a.m., at Hartford, Connecticut.

> /s/
> Michael P. Shea, U.S.D.J.